NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: YAN SUI,<br><br>        Debtor.<br>———————————————<br><br>YAN SUI; PEI-YU YANG,<br><br>        Appellants,<br><br>  v.<br><br>RICHARD A. MARSHACK,<br><br>        Appellee. | No. 17-60052<br><br>BAP Nos. 16-1252<br>            16-1284<br>            16-1310<br><br>MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Taylor, Kurtz, and Faris, Bankruptcy Judges, Presiding

Submitted February 13, 2018[**]

Before: LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Yan Sui and Pei-Yu Yang appeal pro se from a judgment of the Bankruptcy

Appellate Panel ("BAP") affirming the bankruptcy court's orders granting

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

sanctions against appellants. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo decisions of the BAP and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Americredit Fin. Servs., Inc. v. Penrod (In re Penrod)*, 611 F.3d 1158, 1160 (9th Cir. 2010). We affirm.

The bankruptcy court did not abuse its discretion by imposing non-punitive sanctions against appellants after finding them in civil contempt because the record shows that appellants violated the bankruptcy court's June 4, 2015 order, which appellants unsuccessfully appealed to this court. *See Kismet Acquisition, LLC v. Diaz–Barba (In re Icenhower)*, 755 F.3d 1130, 1138-39 (9th Cir. 2014) (setting forth standard of review and stating that a bankruptcy court may hold a party in civil contempt if the party "violated a specific and definite order of the court" (citation and internal quotation marks omitted)).

Because appellants failed to provide the necessary transcripts, we are unable to assess the validity of appellants' challenges to the bankruptcy court's findings of fact and conclusions of law related to its order imposing sanctions under its inherent authority. To the extent the record permits review, the bankruptcy court did not abuse its discretion. *See Price v. Lehtinen (In re Lehtinen)*, 564 F.3d 1052, 1058 (9th Cir. 2009) (inherent authority of bankruptcy court allows court to impose sanctions and provide compensation for improper litigation tactics); *see also* Fed. R. App. P. 10(b)(2) ("If the appellant intends to urge on appeal that a finding or

conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion."); *Syncom Capital Corp. v. Wade*, 924 F.2d 167, 169 (9th Cir. 1991) (failure to comply with Fed. R. App. P. 10(b)(2) precludes meaningful review).

We reject as without merit appellants' contentions that the bankruptcy court violated appellants' rights to due process and free speech.

We do not consider arguments raised for the first time on appeal, or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Appellants' request to incorporate briefing submitted in other appeals, set forth in the opening brief, is denied. *See* 9th Cir. R. 28-1(b).

**AFFIRMED.**